**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SYLVIA HOSKIN SMITH,**

       **Plaintiff,**                 **CIVIL ACTION NO. 08-CV-14950**

  **vs.**

                               **DISTRICT JUDGE ARTHUR J. TARNOW**

**COMMISSIONER OF**           **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Defendant's Motion for Summary Judgment (docket no. 12) should be DENIED, Plaintiff's Motion for Summary Disposition DENIED (docket nos. 10, 13) and the instant case remanded.

\*\*\*

**II.**    **PROCEDURAL BACKGROUND**

Plaintiff filed an application for disability and Disability Insurance Benefits on October 11, 2005, alleging that she had been disabled and unable to work since March 12, 2005 due to carpal tunnel, tennis elbow, high blood pressure and dyslexia[1]. (TR 54-56, 59, 62). Plaintiff's claim was initially denied. (TR 45-48). Following a January 23, 2008 hearing, Administrative Law Judge Michael F. Wilenkin ("ALJ") found that the claimant was not disabled prior to October 10, 2006 and was disabled beginning on October 10, 2006. (TR 25, 251). On February 13, 2008 Plaintiff requested review of the ALJ's decision based on the onset date and submitted six pages of additional

---

[1] Plaintiff reported that she became unable to work as of March 12, 2005. (TR 54, 59, 62).

psychiatric records which are the subject of this action. (TR 244-49). The Appeals Council denied Plaintiff's Request for Review. (TR 5-7). Plaintiff commenced the instant action for judicial review. The parties filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

### III.    RECORD EVIDENCE

Plaintiff raises a single issue on appeal. Plaintiff alleges that her case should be remanded for consideration of Plaintiff's treatment records from Sudhir Lingnurkar, M.D., which, she alleges, would establish that Plaintiff had a severe mental impairment, depression, prior to the ALJ's October 10, 2006 onset date[2]. At the hearing Plaintiff's attorney pointed out that Exhibits 9F and 10F of the proposed exhibits were not Plaintiff's medical records, but were medical records of a different "Sylvia Smith" produced by Dr. Lingnurkar. (TR 253). The ALJ stated on the record that they would remove Exhibits 9F and 10F from the record. (TR 254).

At the hearing Plaintiff testified extensively about her past work, her physical pain and related restrictions and limitations. Because the ALJ's findings related to Plaintiff's physical impairments are not at issue, the Court will not go into detail with respect to those records or testimony. Plaintiff also testified regarding her mental impairments and related limitations. Plaintiff testified that she has depression which prevents her from working. (TR 273). She testified that she

---

[2] In her Brief In Support of Motion for Summary Disposition, Plaintiff asks that the Court amend her onset date based on Dr. Lingnurkar's records, which were not before the ALJ. As Defendant points out, and Plaintiff clarified in her Response to Defendants Motion for Summary Disposition, the proper relief is to seek remand for consideration of the records, pursuant to sentence six of 42 U.S.C. § 405(g). The Court cannot grant Plaintiff's request to amend the onset date based on evidence submitted after the ALJ's February 7, 2008 decision. The Court can, however, *sua sponte* grant a sentence six remand pursuant to 42 U.S.C. § 405(g) for evidence that is new and material. *See generally Igonia v. Califano*, 568 F.2d 1383, 1387 ((D.C.Cir. 1977); *Street v. Comm'r of Soc. Sec.*, 390 F. Supp. 2d 630, 640 (E.D. Mich. 2005).

cries a lot and does not want to get out of bed or be around people. (TR 273). She testified that Dr. Lingnurkar, referred to as "Dr. Sam" by Plaintiff and her attorney, prescribed "multiple depression pills" for Plaintiff. (TR 273). Plaintiff testified that she takes Prozac and Paxil. (TR 284). According to Plaintiff, the pills only help her sleep if she is home and does not want to be bothered with anyone, however, the pills do not ease her feelings of depression and she continues to have trouble sleeping. (TR 273). Plaintiff testified that she has been treating with Dr. Lingnurkar approximately once per month for two years. (TR 275).

## IV.  ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 10, 2006, met the insured status requirements of the Social Security Act through the date of the ALJ's February 7, 2008 decision and suffered from bilateral epicondylitis, mild degenerative changes in the cervical spine, bilateral carpal tunnel syndrome, new onset diabetes, depression and hypertension, all severe impairments. (TR 18). The ALJ found that prior to October 10, 2006 Plaintiff retained the ability to perform a limited range of sedentary level work. (TR 19). The ALJ concluded that there are jobs that exist in a significant number in the national economy that Plaintiff could have performed prior to October 10, 2006. (TR 23).

## V.  LAW AND ANALYSIS

### A.  Standard Of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525,

528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**B.     Analysis**

*1.     Scope of the Court's Review*

Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     she was not presently engaged in substantial gainful employment; and

(2)     she suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     she did not have the residual functional capacity to perform her relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f) (2009).  If Plaintiff's impairments prevented her from doing her past work, the Commissioner, at step five, would consider her residual functional capacity ("RFC"), age, education and past work experience to determine if she could perform other work.  If she could not, she would be deemed disabled.  *See id*. § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'"  *Id.* (citations omitted).

## 2.     *Whether This Matter Should Be Remanded Pursuant to Sentence Six of 42 U.S.C. § 405(g)*

Plaintiff's arguments on appeal are that the Court should amend the onset date based on Dr. Lingnurkar's records or that the case should be remanded to consider Dr. Lingnurkar's records which were not before the ALJ and which may establish an earlier onset of disability.  In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the ALJ.  *Cotton v. Sullivan*, 2 F.3d 692 (6th Cir. 1993); *Casey v. Secretary*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Wyatt v. Secretary*, 974 F.2d 680, 685 (6th Cir. 1993).  Furthermore, under 20 C.F.R. § 416.1470(b), "if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."

The "court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence." *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (*citing Richardson*, 402 U.S. at 401). The court may still remand the case to the ALJ to consider this additional evidence but only upon a showing that the evidence is new and material and "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). This is referred to as a "sentence six remand" under 42 U.S.C. § 405(g). *See Delgado v. Comm'r of Soc. Sec.*, 30 Fed. Appx. 542, 549 (6th Cir. 2002). The party seeking remand has the burden of showing that it is warranted. *See Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357 (*citing Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984)). "In order for the claimant to satisfy his burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711 (*citing Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir. 1980)); *see also Cotton v. Sullivan*, 2 F.3d 692, (6th Cir. 1993) ("Where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where *the party seeking remand* shows that the new evidence is material.")(emphasis added)(citations omitted).

The documents at issue are psychiatric records from Plaintiff's treatment with Dr. Lingnurkar at Comprehensive Counseling Center, P.C. The records include an intake assessment dated September 12, 2005, a written recommendation dated September 26, 2005 that Plaintiff perform no

work from September 9, 2005 to October 31, 2005, and Progress Notes from October 27 and December 8, 2005 and April 24, 2006. (TR 244-49). These records are new evidence which was not before the ALJ. The records are dated prior to the date of the ALJ's February 7, 2008 decision and clearly relate to the period of time prior to the ALJ's decision.

Plaintiff must also show that the evidence is material. The ALJ found that Plaintiff was disabled as of October 10, 2006. (TR 25). The ALJ specifically stated that "[t]he medical evidence does not identify any mental impairment that would be considered 'severe' prior to October 10, 2006. . . . [t]he evidence clearly indicates that her main limitations, at least prior to October 10, 2006, are from physical impairments." (TR 18). The ALJ also pointed out that in November 2005, H. Belkin, M.D., diagnosed Plaintiff with dysthymia and assigned a Global Assessment of Functioning (GAF) of 65. (TR 18).

The new evidence includes Plaintiff's September 12, 2005 Intake Assessment, in which Dr. Lingnurkar diagnosed Plaintiff with Major Depression, recurrent, and noted to rule out major depression single episode. He assigned a GAF of 30. (TR 244-45). The doctor prescribed Lexapro and Lunesta. (TR 245). He noted that Plaintiff "could not participate in the formal mental status examination," her insight was limited and her judgment was poor. (TR 244). In October 2005 Dr. Lingnurkar noted that Plaintiff reported feeling very sad and was anxious and irritable. He noted that he would increase her medication slowly and add Provigil, and Plaintiff was to continue with Paxil and Ambien. (TR 247). On December 8, 2005 Plaintiff was "very tearful" and the doctor discussed "coping" and the side effects of her medication. (TR 248). In April 2006 Dr. Lingnurkar and Plaintiff again discussed coping and the side effects of medication. The doctor noted that Plaintiff "has lot (sic) of crying spell and anxiety." The doctor diagnosed Major Depression, rule

our major depression with recurrent psychotic features and assigned a GAF of 30. (TR 249). He noted that they would increase her Provigil, continue Paxil and Ambien and see her again in ten days. (TR 249).

There is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim" had he had this evidence at the time of issuing his decision. This evidence is contrary to the ALJ's findings that there was no evidence of a severe mental impairment prior to October 10, 2006. This evidence would also have to be considered in light of the ALJ's findings regarding Dr. Belkin's diagnosis and GAF score of 65. (TR 229-31). The evidence may support Plaintiff's testimony that her depression keeps her from working, including her allegation that she cries a lot should be considered in the ALJ's credibility determination. (TR 273). The new evidence contains notes that could have caused the ALJ to place additional limitations on Plaintiff in the RFC prior to October 2006 and in the hypothetical question asked of the Vocational Expert and may establish an earlier onset date.

Dr. Lingnurkar's treatment notes also show changes in the medications prescribed to Plaintiff to treat her depression, including increasing the dosages. This is inconsistent with Plaintiff's testimony at the hearing and the ALJ's comments to Plaintiff that she had been seeing the doctor for two years and "he's giving you the same medication for this entire period of time, it hasn't gotten any better at all and the only thing he's going to say . . . is keep taking it because eventually you'll have this miraculous break through." (TR 275). For these reasons, the records are material.

Finally, Plaintiff must show good cause for her failure to provide the evidence for the hearing before the ALJ. The Court agrees with Defendant that at the hearing Plaintiff's counsel did not ask that the record remain open for the receipt of this evidence. However, it was made clear at the

hearing that the record contained medical evidence from Dr. Lingnurkar for a different Sylvia Smith, not the Plaintiff, and that Dr. Lingnurkar had treated Plaintiff for depression for an extended period of time, which Plaintiff alleged was two years. Plaintiff's counsel argued in the brief that he did not know the records belonged to a different Sylvia Smith until he started questioning Plaintiff about them just prior to the hearing.

Although the ALJ did not specify that the record would remain open for the submission of the correct records, at the end of the hearing the ALJ indicated that it was "going to take a little while to get a decision" to Plaintiff and that "there will be some, some slight additional delay." (TR 291). It is not unreasonable for Plaintiff to assume that she would be able to submit the correct records in light of the testimony at the hearing and the doctor having provided the wrong records. The hearing was held on January 23, 2008, the decision was issued on February 7, 2008 and Plaintiff's counsel submitted the correct records to the Appeals Council on February 13, 2008, only three weeks after the hearing. Plaintiff has shown good cause for her failure to present these records to the ALJ for inclusion in the hearing.

Plaintiff in her Brief in Support Of Motion For Summary Disposition asks that the onset date be amended to September 2005 "as originally plead." (Docket no. 10). In her Response to Defendant's Motion she asks that the Court "provide an onset date of August 2005." (Docket no. 13 ¶ 7). The Court cannot weigh the new and material evidence to determine a new onset date and the ALJ should consider that issue on remand[3].

---

[3]The Court notes that the ALJ may need to make a more precise finding at step one regarding when Plaintiff was last engaged in substantial gainful activity. The ALJ's statement that Plaintiff has not engaged in substantial gainful activity since October 10, 2006 is accurate for purposes of a finding that she was disabled as of that date. It does not, however, explain whether this was the latest date on which Plaintiff engaged in substantial gainful activity.

**VI.     CONCLUSION**

The Court should deny Defendant's Motion for Summary Judgment (docket no. 12), deny Plaintiff's Motion for Summary Disposition (docket nos. 10, 13) and remand this matter to the Commissioner of Social Security pursuant to sentence six, 42 U.S.C. § 405(g), for consideration of Dr. Lingnurkar's intake assessment dated September 12, 2005, written recommendation dated September 26, 2005, and Progress Notes from October 27 and December 8, 2005 and April 24, 2006. (TR 244-49).

**REVIEW OF REPORT AND RECOMMENDATION:**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

---

Plaintiff's testimony shows that she may have engaged in work as late as June or August of 2005, but not as late as October 2006.  (TR 258).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: December 18, 2009       s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Sylvia Hoskin Smith and Counsel of Record on this date.

Dated: December 18, 2009       s/ Lisa C. Bartlett
                                          Case Manager