UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYLVIA HOSKIN SMITH, | Case No. 08-14950 |
| Plaintiff, | DISTRICT JUDGE ARTHUR J. TARNOW |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MAGISTRATE JUDGE MONA K. MAJZOUB |
| Defendant. | |
| _____/ | |

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10], DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12], AND REMANDING THE CASE TO THE COMMISSIONER OF SOCIAL SECURITY

On November 26, 2008, Plaintiff filed suit seeking judicial review of a final decision by which the Commissioner of Social Security determined that Plaintiff was disabled beginning October 10, 2006. Plaintiff alleged that the onset date of her disability was prior to that time.

On December 18, 2009, the Magistrate Judge issued a Report and Recommendation [14] recommending that the Court deny the parties' cross summary judgment motions and remand this matter to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. §405(g). On January 4, 2010, Defendant filed an objection [15] to the Report and Recommendation. On January 13, 2010, Plaintiff filed a response [16]. Those filings are now before the Court.

1

# I. STANDARD OF REVIEW

Judicial review of facts found by the Administrative Law Judge ("ALJ") is limited to an evaluation of whether those findings are supported by substantial evidence and whether the proper legal standards were applied. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Court must examine the administrative record as a whole. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). However, the Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court must affirm an ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard requires the Court to affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *See Sandles v. U.S. Marshal's Service*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

This Court reviews *de novo* any objections to a Magistrate's Report and Recommendation. *See* 28 U.S.C. §636(b)(1). Here, Defendant has filed an objection and the assignments of error are considered below.

# II. DEFENDANT'S OBJECTIONS

Defendant objects that the Magistrate improperly based her determination to

remand the case on evidence which the court cannot consider.  Defendant also objects that the Magistrate erred in remanding the case *sua sponte*.

The Magistrate's decision remanding the case was not clearly erroneous.  As the Report and Recommendation properly notes, the court is permitted to remand the case to the ALJ to consider additional evidence "but only upon a showing that the evidence is new and material and 'that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'"  *See* Report and Recommendation at 6 (citing 42 U.S.C. §405(g)).  Here, the Magistrate considered the additional evidence[1] and made detailed findings supported by the record that the evidence is new and material and that good cause existed for Plaintiff's failure to present the evidence for inclusion in the hearing before the ALJ.  Furthermore, 42 U.S.C. §405(g) does not limit this Court's authority to remand the case *sua sponte* if it is determined that evidence is new and material and that good cause existed for Plaintiff's failure to previously offer it.

### III. CONCLUSION

The Court has reviewed the administrative record, the Magistrate's Report and Recommendation, and the parties' pleadings in this case, and being fully

---

[1] The additional evidence was Dr. Lingnurkar's intake assessment dated September 12, 2005, written recommendation dated September 26, 2005, and Progress Notes from October 27 and December 8, 2005 and April 24, 2006

advised in the premises,

**IT IS ORDERED** that the Report and Recommendation [14] of the Magistrate Judge is hereby **ADOPTED**. Defendant's Objections [15] thereto are **DENIED**.

Accordingly, Plaintiff's Motion for Summary Judgment [10] is **DENIED**, Defendant's Motion for Summary Judgment [12] is **DENIED**, and the case is **REMANDED** to the Commissioner of Social Security.

**SO ORDERED.**


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: February 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2010, by electronic and/or ordinary mail.

s/Lisa M. Ware
Case Manager